UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

MALTIDA GONZALEZ, individually,

    Plaintiff,

v.

LTD FINANCIAL SERVICES, L.P.

    Defendant.

_____/

## **COMPLAINT**
## **JURY DEMAND**

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

## **JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k. Venue in this District is proper because Plaintiff resides here and Defendants do business in this District.

## **PARTIES**

3. Plaintiff, MATILDA GONZALEZ, is a natural person, and citizen of the State of Florida, residing in Martin County, Florida.

1

Robert C. Gindel, Jr., P.A., 1500 Gateway Boulevard, Suite 220, Boynton Beach, Florida 33426
Telephone (561) 649-2344  :  (561) 965-8550

4. Defendant, LTD FINANCIAL SERVICES, LP, ("Defendant") is believed to be a foreign limited partnership with its principal place of business located at 7322 Southwest Freeway, Suite 1600, Houston Texas 77074.

5. Defendant regularly use the mail and telephone in a business, the principal purpose of which is the collection of debts.

6. At all times material to the allegations of this complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

7. With respect to the "Congressional findings and declaration of purpose" portion of the FDCPA, The United States Congress has declared at 15 U.S.C. § 1692:

> *(a) Abusive practices*
> *There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.*
>
> *(b) Inadequacy of laws*
> *Existing laws and procedures for redressing these injuries are inadequate to protect consumers.*

## FACTUAL ALLEGATIONS

8. Defendant sought to collect an alleged debt from Plaintiff incurred for personal, family or household purposes.

9. On or about January 17, 2012, Defendant sent Plaintiff a written request for payment of an alleged consumer debt.

10. A true copy of Plaintiff's letter is attached hereto as Exhibit "A."

11. On or about February 2, 2012, Plaintiff notified Defendant in writing, via certified U.S. Mail, that Plaintiff disputed the alleged debt and refused to make payment on same.

12. A true copy of Plaintiff's letter is attached hereto as Exhibit "A."

13. On March 3, 2012, Defendant communicated in writing by sending a letter requesting payment on the same alleged debt.

14. A true copy of Defendant's letter is attached hereto as Exhibit "B."

15. 15 U.S.C. § 1692c(c) requires Defendant to cease communications with the Plaintiff upon receipt of written notification that Plaintiff refuses to pay the alleged debt. *See generally, Stinson v. Asset Acceptance*, *LLC*, 2006 WL 1647134 (E.D. Va. 2006).

## COUNT I
## FAILURE TO CEASE COMMUNICATIONS
## IN VIOLATION OF 15 U.S.C. § 1692c(c)

16. Plaintiff incorporates Paragraphs 1 through 15.

17. After receiving Plaintiff's written notice of refusal to pay, Defendant failed to cease communications to Plaintiff regarding the alleged debt in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(c).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Damages;

b. Attorney's fees, litigation expenses and costs of the instant suit; and

c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated:  June 29, 2012

Respectfully submitted,

/s Robert C. Gindel, Jr. _____
Robert C. Gindel, Jr.
Email: robertgindel@robertgindel.com
Florida Bar No.: 470740
Robert C. Gindel, Jr., P.A.
1500 Gateway Boulevard, Suite 220
Boynton Beach, FL 33426
Telephone: (561) 649-2344
Facsimile: (561) 965-8550
Attorneys for Plaintiff